ALEXANDER LATTA, ET AL. *v.* JOHN P. REDDEN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—426.]

**Possession the Gist of the Action.**

> Under our system of pleading a defendant can not be compelled to plead the evidence of his title, and where the action is trespass the possession of the property complained of is the gist of the action, and a plea that the defendant was in the actual possession of the close and was in fact the owner and the entry was by the plaintiff on his possession, and no trespass or entry made by the defendant, is sufficient.

APPEAL FROM ANDERSON CIRCUIT COURT.

November 28, 1883.

OPINION BY JUDGE PRYOR:

The principal and only question in this case is one of fact. The location of the boundary line dividing the lands of appellants and appellees was the subject of inquiry in the court below. The beginning corner of the patent boundary under which appellants' land is located is by no means certain, and there is proof conducing to show that the appellees or those under whom they claim consented to a removal of the fence from the true line. The evidence is conflicting, and not only so but can not be said to preponderate in favor of the appellants.

We think an issue was properly raised as to the title and possession. The appellants, plaintiffs below, set forth the boundary of their land and allege that the trespass was committed at a particular locality within that boundary. The appellees, the metes and bounds having been set forth, could not at common law have pleaded liberum tenementum so as to show their ownership and possession of some

other close and thus defeat the recovery. The boundary was given by the plaintiffs, and the defendant must either deny the trespass or plead facts showing that he was the real owner.

Under our system of pleading the defendant can not be compelled to plead the evidence of his title, and where the action is trespass quare clausum fregit the possession of the property complained of is the gist of the action, and a plea in substance that the defendant was in the actual possession of the close and was in fact the owner, and that the entry was by the plaintiff on his possession, and no trespass or entry made by the defendant, is sufficient. It is true the character of the pleading may put in issue the title and bar an eject-ment, and this is the result of the judgment in this case. There was no demurrer to the plea, and the entire case was disposed of by the chancellor on the question of title. A plea that the defendant was in the actual possession and was the owner and that the plaintiff was the trespasser and not the defendant makes the issue, although it amounts to a denial by an affirmative statement. The failure to set aside the order of submission or to sustain exceptions to the deposi-tions did not prejudice the plaintiff. The case was tried by the chan-cellor below and the evidence considered by this court as well as the court below.

Judgment *affirmed.*

*J. H. D. McKee, A. Duvall, for appellants.*

*D. W. Lindsay, for appellees.*

[Cited, *Stillwell v. Duncan,* 103 Ky. 59, 19 Ky. L. 1701, 44 S. W. 357, 39 L. R. A. 863.]